1                                                                                          O

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                         **CENTRAL DISTRICT OF CALIFORNIA**

10

11   DARRELL JAMES PARKS,              )   Case No. ED CV 12-1353 SVW (JCG)
                                       )
12                   Plaintiff,        )   **ORDER DENYING PLAINTIFF'S**
                                       )   **MOTION FOR PRELIMINARY**
13          v.                         )   **INJUNCTION AND TEMPORARY**
                                       )   **RESTRAINING ORDER**
14   WREN, *et al.*,                   )
                                       )
15                   Defendants.       )
                                       )
16   ────────────────────────────     )

17          For the reasons set forth below, the Court denies plaintiff Darrell James Parks'

18   ("Plaintiff") Motion for a Preliminary Injunction and Temporary Restraining Order

19   ("Motion"). [Dkt. No. 57.]  Specifically, Plaintiff requests an order directing certain

20   staff members at the United States Penitentiary Terre Haute in Indiana ("U.S.P. Terre

21   Haute staff") to allow Plaintiff to possess his legal materials.  (Mot. at 2.)[1]  Because the

22   Court has no jurisdiction over U.S.P. Terre Haute staff, the Court is without authority

23   to grant the relief requested.

24          "A preliminary injunction is an extraordinary remedy never awarded as of

25   right." *Winter v. Nat. Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008).  To

26          ─────────────────

27          [1]   For ease of reference, the Court uses CM/ECF pagination in referring to the Motion.

28

merit a preliminary injunction, a plaintiff must show that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Id.* at 20.

In addition, a federal court must have jurisdiction over the parties the plaintiff seeks to enjoin. *Zepeda v. United States I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1985) (explaining that a federal court may issue an injunction only "if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim" ). The court "may not attempt to determine the rights of persons not before [it]." *Id.* Accordingly, "[u]nder Federal Rule of Civil Procedure 65(d), an injunction binds only 'the parties to the action, their officers, agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them who receive actual notice of the order . . . .'" *Id.* (internal citation omitted); *see also* Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction *only* on notice to the adverse party.") (emphasis added).

Here, in order to grant Plaintiff his desired relief, the Court must be able to exercise jurisdiction over the non-moving parties. The Court cannot do that. The operative claim in the First Amended Complaint concerns an alleged incident that occurred at the United States Penitentiary Victorville and the one remaining defendant, R. Villegas ("Defendant"), is a correctional officer there. (*See generally* FAC), but in his Motion, Plaintiff alleges that the staff at U.S.P. Terre Haute in Indiana, where Plaintiff is currently incarcerated, confiscated his legal materials concerning the underlying complaint. (*See generally* Mot.) As such, he seeks an order directing U.S.P. Terre Haute staff to return his legal materials. (*See id*. at 2.) However, U.S.P. Terre Haute staff are not parties to this action, nor are they Defendant's officers, agents, servants, employees, and attorneys. *See Zepeda*, 753 F.2d at 727. Further, Plaintiff has not alleged that U.S.P. Terre Haute staff are in active concert or participation with Defendant, who is sued in his individual capacity in any event. (*See*

*generally* Mot.)  The Court thus lacks the authority to direct U.S.P. Terre Haute staff to provide the relief Plaintiff seeks.  *See Zepeda*, 753 F.2d at 727.

Accordingly, **IT IS ORDERED THAT** Plaintiff's Motion is **DENIED**.

DATED:  February 21, 2018

_____
HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE